UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

WAYNE ALLEN, an individual,

    Plaintiff,

CASE NO.:_____

vs.

NORTH AMERICAN TRANSPORT SERVICES LLC,
a Florida Limited Liability Corporation,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, WAYNE ALLEN, [hereinafter, "Plaintiff" or " ALLEN"], by and through his undersigned attorney, alleges the following against Defendant, NORTH AMERICAN TRANSPORT SERVICES, LLC, [Hereinafter, "Defendant", or "Employer"], and states, to wit:

## INTRODUCTION/NATURE OF ACTION

2. This is a civil action for money damages brought for violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq.*, ("FLSA"), for unpaid wages under Florida law (i.e., Fla. Stats. § 448.08 (2016)), and for retaliation.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the Plaintiff's claims under the FLSA pursuant to 28 U.S.C. § 1331 and 29. U.S.C. § 201 *et seq.*

4. The venue of this Court over this controversy is proper because a substantial portion of the acts and omissions charged herein occurred in Miami-Dade County, which lies in the

Southern District of Florida. Defendants employed Plaintiff within Miami-Dade County and have conducted substantial, continuous, and systematic commercial activities within Miami-Dade County. All of the substantial events giving rise to these claims, including the unlawful employment practices of Defendant, arose in Miami-Dade County, Florida, which lies in the Southern District of Florida. *See*, 28 U.S.C. 1391(b).

## PARTIES

5. Plaintiff, WAYNE ALLEN, was an employee of the Defendant, at all relevant times until his termination on or about July ____, 2019. Moreover, ALLEN is an individual and a citizen of the State of Florida and the causes of action that are pled herein occurred in Miami-Dade County, Florida. Plaintiff is an "employee", as defined under the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq.*, ("FLSA").

6. Defendant, NORTH AMERICAN TRANSPORT SERVICES, LLC, is a Florida Limited Liability Company organized under the laws of the State of Florida, and which has its principal offices in Opa Locka, Florida and is otherwise authorized to do and is doing business in the State of Florida. Defendant has, at all relevant times, continuously maintained a work-force consisting of no less than fifty (50) employees employed for at least 20 calendar work weeks. Moreover, Defendant operates a transportation business across state lines. Defendant, NORTH AMERICA, is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA and was Plaintiff's employer as that term is defined under FLSA.

7. Defendant, NORTH AMERICA, has control over the terms and conditions of Plaintiff's work, including the overtime violations contained herein, was Plaintiff's "Employer" for

purposes of the FLSA.

## CONDITIONS PRECEDENT

8. All conditions precedent have been performed or have occurred, and/or waived by Defendant.

## GENERAL ALLEGATIONS

9. Plaintiff was employed with Defendant during the months of April 2018 to July 2019, as a truck driver. Plaintiff was terminated on or at the end of the month of July 2018.

10. Plaintiff was a non-exempt hourly employee.

11. During his employment, Defendant routinely failed to pay Plaintiff for the time that he worked and also for overtime.

12. From the period starting January 2019, through June 2019, Plaintiff was hired at a pay rate of $0.53, per unit/mile. However, Defendant periodically lowered the Plaintiff's pay rate per unit from $0.53 to $0.33, per unit/mile. Defendant did not pay Plaintiff for his time worked. Plaintiff worked an average of 70 hours per week.

13. At all times material, Plaintiff performed his employment duties satisfactorily and was not compensated by Defendant either on a weekly, biweekly or monthly basis. While Defendant was obligated to pay Plaintiff the per unit pay rate of $0.53, Defendant did not pay Plaintiff for a number of weeks at that $0.53, which resulted in amount due of approximately $2,500.00.

14. Defendant has breached the employment agreement by failing and refusing to pay Plaintiff for the times that he worked and/or was entitled to receive.

15. Plaintiff has incurred damages from Defendant's unlawful acts, as he has worked for


which he has not been paid at all.

16. Plaintiff has retained the law firm of James Jean-Francois, P.A., to represent him in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS

17. Plaintiff, WAYNE ALLEN, re-alleges and incorporates by reference all allegations contained in paragraphs 1-16, *supra*.

18. Throughout Plaintiff's employment, Defendant repeatedly and willfully violated the FLSA by failing to compensate Plaintiff for the full hours/time that he worked. Plaintiff normally worked five full-day, per week, that was supposed to be paid at a rate of $0.53 per unit. However, Plaintiff was instead compensated at a far lesser rate than the agreed upon rate of $0.53, per unit, from January 2019, to June 2019. Defendant willfully violated the FLSA by failing to pay Plaintiff for every hour/time worked by Plaintiff during the applicable pay period, which represented, cumulatively, entire days of work Plaintiff provided for which Defendant did not pay him. Moreover, on those occasions when the Plaintiff worked over time, Defendant did not pay Plaintiff for the overtime and Plaintiff did not receive the correct rate of pay for both regular and over-time work.

19. As a direct and proximate result of Defendant's acts and/or omissions, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, WAYNE ALLEN, demands judgment against Defendant, NORTH AMERICAN TRANSPORT SERVICES, for the following:

A. Unpaid wages found to be due and owing;

      B.      An additional equal amount as liquidated damages;

      C.      Prejudgment interest in the event liquidated damages are not awarded;

      D.      A reasonable attorneys' fees and costs; and

      E.      Such other relief this Court deems just and equitable.

## COUNT II
## UNPAID WAGES UNDER FLORIDA LAW

20. Plaintiff, ALLEN, re-alleges and incorporates by reference all allegations contained in paragraphs 1-16, *supra*.

21. This is an action brought pursuant to Florida Common Law as a breach of contract claim.

22. Defendant has breached that agreement by failing to pay the proper hourly pay rate of $0.53, per unit/mile, in addition to time and half for overtime work, as well, since Plaintiff worked at least 70 hours per week.

23. This constitutes unpaid wages under Chapter 448.08, Florida Statutes (2016), and Florida common law.

24. Pursuant to Chapter 448.08, Florida Statutes (2016), Plaintiff is entitled to an award of reasonable attorney fees upon prevailing in this action.

**WHEREFORE**, Plaintiff, WAYNE ALLEN, demands judgment against Defendant, NORTH AMERICAN TRANSPORT SERVICES, LLC, for damages, prejudgment interest, together with costs of suit and a reasonable attorney's fees, along with any such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF TITLE VII, 42 U.S.C. §§ 2000(E)
## FOR UNLAWFUL RETALIATION

25. Plaintiff, ALLEN, re-alleges and incorporates by reference all allegations contained in paragraphs 1-16, *supra*.

26. Because of his requests for proper and accurate compensation, ALLEN was unlawfully terminated from his employment by Defendant.

27. As such, Defendant has denied Plaintiff an opportunity for employment and otherwise terminated his employment on the basis of ALLEN's demands for payment of the wages due him for services rendered and at the rate that was agreed upon between him and Defendant.

28. As a direct and proximate result of the intentional discriminatory and retaliatory actions and practices by Defendant, NORTH AMERICAN TRANSPORT SERVICES, LLC, its agents and employees, ALLEN has suffered and continues to suffer injury, including loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer emotional distress, humiliation, great expense, embarrassment and damage to his reputation.

**PRAYER**

30. For these reasons, Plaintiff, WAYNE ALLEN, asks for judgment against NORTH AMERICAN TRANSPORT SERVICES, LLC, for the following:

   I) Damages in the form of any pay, wages, salary, employment benefits or other compensation denied or lost by the foregoing act(s);

   ii) Prejudgment interest at the prevailing legal rate from the date ALLEN was terminated, relative to the award of pay, wages, salary, employment benefits or other compensation and actual monetary losses sustained by her as a result of the

        foregoing acts;

iii).    Post-judgment interest;

iv)    Compensatory damages to the maximum extent allowed under the law for ALLEN's emotional pain, suffering and mental anguish;

v)    A declaratory judgment;

vi)    Front pay and back pay;

vii)    An award of costs and reasonable attorney's fees;

viii)    All other just, equitable and proper relief to which Plaintiff ALLEN is entitled under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, WAYNE ALLEN, requests a trial by jury on all issues so triable as a matter of right.

Date: October 01, 2019.

                                                 James Jean-Francois, /s/

                                      JAMES JEAN-FRANCOIS, ESQ.
                                      Fla. Bar. No.: 0495115
                                      Law Offices of James Jean-Francois, P.A.
                                      6100 Hollywood Blvd., Ste. 211
                                      Hollywood, FL 33024
                                      Phone:      (954) 987-8832
                                      Fax:         (954) 987-2622
                                      e-address: (P): *jamesjeanfrancoisesq@hotmail.com*
                                                     (S): *jjonlaw@hotmail.com*